MITCHELL v. STEVENS.

(Circuit Court, N. D. Illinois, E. D. December 10, 1910.)

No. 29,363.

PATENTS (§ 328\*)— VALIDITY AND INFRINGEMENT — COMBINED LETTER SHEET AND ENVELOPE.

The Mitchell reissue patent, No. 12,675 (original, No. 827,809), for a combined letter sheet and envelope, which comprises, when ready for mailing, a sealed letter open at both ends, but containing an unremovable card or letter, held in place by a slot in one of the flaps and having no outward exposure, thus forming a mailable communication requiring only a one cent stamp, was not anticipated, and discloses patentable invention; also, held infringed by the device of the Stevens patent, No. 892,-461.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by John T. H. Mitchell against Roderick G. Stevens. On final hearing. Decree for complainant.

Charles Gilbert Hawley, Sol., and of counsel, for complainant.
Cheever & Cox, Sol., and of counsel, for defendant.

KOHLSAAT, Circuit Judge. Complainant files his bill to restrain infringement of claims 1 and 7 of reissue patent No. 12,675, granted July 23, 1907, to complainant for a combined letter sheet and envelope, having particular reference to advertising devices of the class known as postal letters or cards and envelopes. The claims in suit read as follows, viz.:

"1. A combined letter sheet and envelope, comprising a transversely scored sheet of thick paper or cardboard, having upper and lower flap portions and an intermediate portion, said portions adapted to be folded together, and when folded, forming an open-ended envelope and one of said flap portions being formed to receive an inclosure and hold it against endwise movement in the envelope thus formed, substantially as described."

"7. A device of the class specified, comprising a folded letter-sheet provided with a cross-slot, a postal inserted in said slot, and a sticker holding said letter in closed condition."

The cause is now before the court on final hearing. "My invention," says the patentee, "consists generally in a sheet of thick paper or cardboard, of substantially the size of a commercial letter and bearing a personal letter or communication on its inner face, said sheet being transversely scored and thereby formed into upper and lower flaps and an intermediate portion and said lower flap being formed or adapted to retain a postal card or the like when folded between the other parts or portions, suitable means being provided for fastening the free edges of the folded device." The whole constitutes, when ready for mailing, a sealed letter open at both ends, but containing an unremovable communication, thus forming a mailable communication requiring only a one cent stamp. The card is held in position by a slot in the lower flap of the cardboard which is somewhat less in length than the cardboard, and into which the card is thrust, cooperating with the other parts of the device at their lines of folding. Thus the slot keeps the card or communication from movement toward the open ends, and the folded parts keep it from moving in any other direction. The whole is exceedingly simple. The prior art discloses patents for combined envelope and letter sheets arranged so as to hold inclosures in position, as, for instance, double slots for holding a letter stamp, as in Lugrin patent of 1890; a similar device for holding coin, as in the Crabb coin carrier of 1899; the Duden coin carrier of 1899; and the Stimpel coin mailer of 1904. All of these, however, are for entirely closed envelopes. The record discloses no device of the prior art for an open mailable letter, adapted to hold in place any communication, or, indeed, any article. There are a number of combined letter sheet and envelope devices in evidence. This feature of the claims in suit is therefore old. But in all the wide field of advertising mediums no one had ever, before Mitchell, hit upon this feature, which, according to the evidence of a number of skilled and practical advertising men, was a distinctively

successful advance in the advertising media. Anything which will attract the attention of the public in the shape of mail matter is entitled to consideration. Having in mind the pertinacity and ingenuity of those whose life task seems to be the discovery of some way in which to penetrate and quicken the indifference of the public, it certainly is persuasive that any one should hit upon the device in suit after so many years of aggressive effort in that line, especially in view of the effective commendations of those posted in the advertising line. The record considered, I am of the opinion that the patent should be held valid.

Defendant operates under patent No. 892,461, granted to him on July 1, 1908. The difference between his and complainant's device consists in the location and manner of location of the inclosure or card. Mitchell makes his retaining slit in the lower flap of the folder, and is thus enabled to (1) use only one slit; and (2) to provide a letter which gives no outward exposure of the card. Stevens, by the use of two slits, as in the postage stamp holder made in the middle section of the folder, exposes a section of the inclosed card. This would be a drawback except for the fact that Stevens utilizes this exposed portion of the card for the address.

It is contended that complainant is limited to his one slit in the lower flap. The genius, if it be such, of the Mitchell patent, is found in the combination of the letter effect with the ordinary one cent mail matter. The arrangement of defendant's device in no way adds to its effectiveness as an advertising medium over complainant's. The card could be securely held on the main or middle sheet of the folder by means of incisions in the sheet only in the manner adopted by defendant. It seems entirely likely that complainant should have considered that method, but preferred his own entirely inclosed card; his main purpose being to provide a one cent mailable folder which should, while open at the ends, still retain much of the advantages of an ordinary letter. This was his invention. Given that idea, the location on the middle section of the folder cannot be said to involve invention. Infringement seems to be clearly established.

The injunction may go as prayed.